Milligan, J.,
delivered the opinion of the Court.
This is a presentment against the plaintiff in error, for running “a horse along a public road, contrary to the form of the Statute.”
To the presentment the plaintiff in error plead in abatement. The plea avers that the presentment was not found upon the knowledge, evidence, or information of any member or members of the grand jury making the same; but upon the evidence and information of certain witnesses — setting them out by name — who were examined and gave evidence before said grand jury, without authority of law, and in violation thereof.
*197 To this plea, the State, through her District Attorney, demurred. The Court sustained the demurrer, and granted the plaintiff in error leave to plead over. The plea of “not guilty” was entered, which was found in favor of the State, and judgment pronounced accordingly ; from which an appeal is prosecuted to this Court.
Eor the plaintiff in error, it is assumed that the Court erred in sustaining the demurrer to the plea in abatement.
The plea itself is in substantial conformity to the recognized precedents laid down in Archbold’s Criminal Pleadings: See p. 51; also, Chitty on Criminal Law, 448, mar. But it is insisted, that the matter of the plea, is insufficient to sustain it. The Code, sec. 5087, provides: “That the grand jury shall send for witnesses whenever they, or any of them, suspect a violation of the laws against gaming, taking tolls at a turnpike or toll-gate opened according to law — illegal voting, tippling, disturbance of worship, and injuries to public buildings.” The provisions of this Statute are in derogation of the common law, and cannot, therefore, be extended beyond the express provisions of the Statute itself: Glenn vs. The State, 1 Swan, 19.
But the Code further provides, (sec. 4882,) that “all persons running, or aiding, or abetting in running, any horse-race in or along any public road in the State, or betting thereon, shall be subject to all the penalties of unlawful gaming.”
• By this section, it is evident that two distinct offenses are created. The one to run, or aid or abet in running, a horse-race, in or along a public road, although no bet be made; and the other to bet thereon. These offenses, *198 although both are punished as unlawful gaming, are, nevertheless, in their character, separate and distinct, The mischief sought to be suppressed in the one case, is totally different from the other. The former is the annoyance and damage to travelers on the public highways of the country, while the latter is the suppression of the crime of gaming: The State vs. Fiddler, 7 Hum., 502.
Now, is running a horse-race along a public road, within the meaning of the word “gaming,” used in the Statute? We think not; at least so far as to authorize the grand jury to send for witnesses, or, after they were before them, to find this presentment' upon their evidence.
The object of the Statute authorizing the grand jury to send for witnesses, is, clearly, to enable them, ■ by a sort of inquisitorial examination, to ascertain the commission of the offenses enumerated in the Statute, which can be committed secretly, and to suppress them by a vigorous punishment. But, the offense of running a horse-race along a public road, is not, in its nature, of this character. It is, of necessity, open and public to the view, and more capable of proof than the offenses named in the Statute.
This Court, in the case of The State vs. Smith, Meigs’ R., 99, has defined gaming to be “any contest or cause of action, commenced and prosecuted, in consequence of a bet or wager, or with a view to determine the bet or wager, upon the event of such contest or action.”
Running a horse-race on a public road, when there is no bet or wager, being, as we have seen, a substantive *199 offense, does not, in our opinion, fall within the meaning of gaming as declared in our Statute, and it was error in the Circuit Court to sustain the demurrer to the plea in abatement.
The judgment of the Court will he reversed; and this Court proceeding — the presentment being for a misdemeanor — to proounce such a judgment as the Circuit Court ought to have pronounced, overrules the demurrer and discharges the prisoner: Chitty’s Crim. Law, 450, mar; The State vs. Shaw and Rutledge, 8 Hum., 33.